This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38871

WYOMING TERRACE LLC d/b/a
WYOMING/TERRACE
MANUFACTURED HOUSING
COMMUNITY,

 Plaintiff-Appellee,

v.

NOEL PENA, MARA PENA, and
ANGELINA VELASCO,

 Defendants-Appellants.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Denise Barela Shepherd, District Judge

Vance, Chavez & Associates, LLC
James A. Chavez
Albuquerque, NM

for Appellee

Threet Law Firm
Joseph L. Romero
Albuquerque, NM

for Appellants

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendants appeal from the district court's affirmance of the metropolitan court's denial of their oral motion for dismissal without prejudice, made in anticipation that Plaintiff's claims could be refiled as counterclaims in the separate district court lawsuit filed by Defendants against this same Plaintiff and arising from the same landlord-tenant

dispute. We proposed summary affirmance. Defendants filed a motion to amend the docketing statement and a memorandum in opposition (MIO), which we have duly considered. Defendants' motion to amend is without merit and is denied. Unpersuaded that the district court abused its discretion or otherwise committed reversible error, we affirm.

**{2}** We first address the motion to amend. In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establishes good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. The essential requirements to a showing of good cause for our allowance of an amendment to an appellant's docketing statement are that "(1) the motion to amend must be timely, and (2) the motion must show the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal," and (3) the issues raised are viable. *Moore*, 1989-NMCA-073, ¶ 42. Defendants' motion to amend merely seeks to clarify the nature and intent of their oral motion for dismissal, which argument is likewise asserted in their MIO. The motion raises no new issues and, for the reasons set forth below on the merits argued, is denied as nonviable. *See id*. ¶¶ 42-43.

**{3}** Turning to the MIO, Defendants point to authority that states that the metropolitan court was permitted to dismiss Plaintiff's cause of action without prejudice so as to effectuate consolidation of Plaintiff's metropolitan court claims with Defendants' district court claims. [MIO PDF 3] Defendants' argument on appeal, though, is not that the metropolitan court was *permitted* to dismiss the action without prejudice, but that the district court *erred* in failing to do so. However, Defendants continue to cite no binding authority that would require such action and would, therefore, support reversal, and we assume no such authority exists. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**{4}** Moreover, Defendants' argument that dismissal was necessary to ensure that certain equitable claims were not tried before certain legal claims [MIO PDF 3-4] is underdeveloped, so we decline to further consider it. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). We further note that Defendants recognize that consolidation under Rule 1-042(A) NMRA is permissive [MIO PDF 4], and that dismissal under Rule 3-305(A)(2) NMRA is discretionary [MIO PDF 5], and the additional authority provided by Defendants does not support their central assertion that the metropolitan court's denial of their motion to dismiss for purposes of subsequent consolidation resulted from a misapprehension of the law. *See Hennessy v. Duryea*, 1998-NMCA-

036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Being unpersuaded that the district court erred in denying the motion to dismiss, we conclude that there is no cause for reversal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred).

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**